IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD LEE GREENBERG,

    Petitioner,                    No. 2:12-cv-1677 EFB P

    vs.

DAVID RUNNELS,

    Respondent.              <u>ORDER</u>

_____/

       Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner seeks leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a).

       Examination of the docket indicates that petitioner has already paid the $5.00 filing fee. Petitioner's motion to proceed *in forma pauperis* will therefore be denied as unnecessary.

       Petitioner challenges his June 22, 2011 conviction in the Shasta County Superior Court. Pet., Dckt. No. 1 at 1. The court has reviewed the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases, and for the reasons explained below, it appears that petitioner has failed to exhaust the available state remedies with respect to any of his claims. Therefore, he must demonstrate good cause for this failure or obtain consent from the respondent to proceed despite his failure to exhaust.

////

1

A district court may not grant a petition for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State," or unless there is no State corrective process or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by presenting the "substance of his federal habeas corpus claim" to the state courts. *Picard v. Connor*, 404 U.S. 270, 278 (1971) (no exhaustion where the petitioner presented operative facts but not legal theory to state courts); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995) (to exhaust a claim, a state court "must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution"). Unless the respondent specifically consents to the court entertaining unexhausted claims, a petition containing such claims must be dismissed. *See* 28 U.S.C. § 2254(b)(3); *Picard*, 404 U.S. at 275. A claim is unexhausted if any state remedy is available. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (petitioner must seek discretionary review from state court of last resort); *Roberts v. Arave*, 874 F.2d 528, 529 (9th Cir. 1988) (no exhaustion where state supreme court referred petitioner's appeal of trial court's denial of post-conviction relief to lower appellate court and petitioner failed to appeal lower court's disposition of that appeal to state supreme court). For a California prisoner to exhaust, he must present his claims to the California Supreme Court on appeal in a petition for review or on post-conviction in a petition for a writ of habeas corpus. *See Carey v. Saffold*, 536 U.S. 223, 239-40 (2002) (describing California's habeas corpus procedure); *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (to exhaust, prisoner must present claims on appeal to California Supreme Court in a petition for review).

Petitioner states in his petition that he has not presented any of his claims to the California Supreme Court. Dckt. No. 1 at 7-11. Further, there is no allegation that state court remedies are no longer available to petitioner. In order to proceed, petitioner must show cause for his failure to exhaust or obtain from respondent an express waiver of the exhaustion requirement.

Accordingly, it is ORDERED that:

1. Petitioner's request for leave to proceed *in forma pauperis* is denied; and

2. Within thirty days from this order, petitioner shall show cause for his failure to exhaust state remedies with respect to the claims contained in his February 29, 2012 petition or obtain from the respondent an express waiver of the exhaustion requirement. Petitioner's failure to comply with this order will result in a recommendation that this action be dismissed for failure to exhaust state remedies.

Dated: July 11, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3