IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD LEE GREENBERG,

    Petitioner,                    No. 2:12-cv-1677 EFB P

    vs.

RON BARNES[1],

    Respondent.             ORDER

                              /

       Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to petitioner's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

       Petitioner challenges his June 22, 2011 conviction in the Shasta County Superior Court. Pet., Dckt. No. 1 at 1. The court reviewed the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases, and explained that it appears from the face of the petition that petitioner has failed

---

[1] David Runnels was previously named as the respondent. Ron Barnes is the warden of High Desert State Prison, where petitioner is confined. "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition." *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Accordingly, the court now substitutes in Ron Barnes as the respondent.

to exhaust the available state remedies with respect to his claims. Dckt. No. 5. The undersigned thus order petitioner to demonstrate good cause for this failure or to obtain consent from the respondent to proceed despite his failure to exhaust. *Id*. Petitioner has neither demonstrated good cause for his failure nor obtained consent from respondent. The petition must therefore be dismissed.

A district court may not grant a petition for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State," or unless there is no State corrective process or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by presenting the "substance of his federal habeas corpus claim" to the state courts. *Picard v. Connor*, 404 U.S. 270, 278 (1971) (no exhaustion where the petitioner presented operative facts but not legal theory to state courts); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995) (to exhaust a claim, a state court "must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution"). Unless the respondent specifically consents to the court entertaining unexhausted claims, a petition containing such claims must be dismissed. *See* 28 U.S.C. § 2254(b)(3); *Picard*, 404 U.S. at 275. A claim is unexhausted if any state remedy is available. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (petitioner must seek discretionary review from state court of last resort); *Roberts v. Arave*, 874 F.2d 528, 529 (9th Cir. 1988) (no exhaustion where state supreme court referred petitioner's appeal of trial court's denial of post-conviction relief to lower appellate court and petitioner failed to appeal lower court's disposition of that appeal to state supreme court). For a California prisoner to exhaust, he must present his claims to the California Supreme Court on appeal in a petition for review or on post-conviction in a petition for a writ of habeas corpus. *See Carey v. Saffold*, 536 U.S. 223, 239-40 (2002) (describing California's habeas corpus procedure); *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (to exhaust, prisoner must present claims on appeal to California Supreme Court in a petition for review). The petitioner bears the burden of

demonstrating that he has exhausted state remedies. *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

Petitioner contends that he has attempted to exhaust his available remedies by filing complaints with various state and federal agencies. Pet'r's Resp. to Order to Show Cause, Dckt. No. 6 at 2-3. He further argues that he could not raise his claims on direct appeal because he first learned about "new evidence" after the time to appeal expired. *Id*. As previously explained, exhaustion requires petitioner to present his claims to the highest state court. Filing complaints with state and federal agencies was not sufficient to exhaust his claims. Furthermore, assuming petitioner was unable to present his claims on direct review, petitioner could have presented his claims to the California Supreme Court in a petition for a writ of habeas corpus. The court finds that state remedies remain available, and therefore petitioner has failed to exhaust his claims. Moreover, petitioner has not demonstrate good cause for his failure to exhaust, nor has he obtained respondent's consent to proceed on his unexhausted claims. As petitioner has failed to demonstrate that he exhausted his claims, the petition must be dismissed.

Accordingly, it is ORDERED that:

1. The petition for writ of habeas corpus is dismissed without prejudice;

2. The Clerk is directed to close the case; and

3. The court declines to issue a certificate of appealability.

DATED: August 2, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE